UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **19 Cr. 761 (JPO)** |
| Darrell Lawrence et al., | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel on behalf of the Defendants in the above-captioned case (the "Defendants"), and the Defendants having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the Defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (3) has not yet been searched by the Government to determine responsiveness; and (4) is not authorized to be disclosed to the public or others besides the Defendants and their counsel in this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose all disclosure material and sensitive disclosure material without significant delay occasioned by responsiveness review or necessary redactions. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material and sensitive disclosure material shall not be disclosed by the Defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site,[1] and shall not disclose any disclosure material or sensitive disclosure material to any third party except as set forth below.

---

[1] This does not prohibit counsel for any Defendant from using secure, private web services such as "Drop Box" to store disclosure material or sensitive disclosure material, or to transfer such materials to other authorized recipients.

6. Disclosure material may be disclosed by counsel to:

a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b. Prospective witnesses for purposes of defending this action; and

c. The Defendants.

7. Sensitive disclosure material shall be labeled "SENSITIVE" and may be disclosed only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and the Defendants, subject to the following limitations:

a. The Defendants may review sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

b. The Defendants may not copy or otherwise record sensitive disclosure material; and

c. The Defendants may not keep sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility.

8. Certain highly sensitive disclosure material may be labeled "ATTORNEY'S EYES ONLY" or "AEO" and may be disclosed only to personnel for whose conduct counsel is responsible (not to the Defendants):

a. Defense counsel and personnel for whose conduct counsel is responsible may communicate to defendants the contents of disclosure material labeled "AEO" but may not disclose to defendant any personal information (including name, address, phone number, and any identifiers specified in Rule 5.2 of the Federal Rules of Civil Procedure) contained in the AEO disclosure;

b. Defense counsel may seek the Government's consent to modify any "AEO" designation; and

c. Defense counsel may submit to the Court, *ex parte*, request to show AEO materials to Defendants under the same limitations set forth in paragraph 7 of this Order (governing sensitive disclosure material). Defense counsel must cause notice to be given to the Government if such an *ex parte* request is made (though need not disclose the substance of the request or any documents that are the subject of the request) and must cause notice to be given to the Government of whether the request is granted or denied.

9. Any Coordinating Discovery Attorney (CDA), if appointed by the Court, may disclose, make copies of, or reveal the contents of such materials to defense counsel and to the CDA's employees who are assisting in the preparation and dissemination of such materials, and to third party vendors the CDA may deem necessary to retain to process the discovery the CDA receives, all in furtherance of fulfilling her duties and obligations under the Court's order appointing the CDA. The CDA shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and the CDA shall instruct such other persons that further disclosure is prohibited.

10. The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

11. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However,

sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

## Disclosure and Protection of Seized ESI

12. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized—pursuant to warrants issued during the course of the investigation or with the owner's or user's consent—from various computers, cell phones, and other devices and storage media, as well as social media accounts. Such ESI was seized from various cellphones and social media accounts belonging to the Defendants.

13. The Government is authorized to disclose to counsel for the Defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain discoverable material ("the seized ESI material"). Seized ESI material shall generally be treated as sensitive disclosure material, absent the Government's consent or order of the Court, and the Defendants may not keep such material or a copy of such material outside the presence of counsel, including in any prison facility

14. The Defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

15. This Order places no restriction on each Defendant's use or disclosure of ESI that originally belonged to that Defendant.

## Return or Destruction of Material

16. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to each Defendant's handling of any disclosure material or ESI that originally belonged to that Defendant.

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____12/4/19_____
Frank J. Balsamello
Jamie Bagliebter
Assistant United States Attorneys

_____          Date: _____
Gary Becker, Esq.
Counsel for Darrell Lawrence

6

15. This Order places no restriction on each Defendant's use or disclosure of ESI that originally belonged to that Defendant.

## Return or Destruction of Material

16. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to each Defendant's handling of any disclosure material or ESI that originally belonged to that Defendant.

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
Frank J. Balsamello
Jamie Bagliebter
Assistant United States Attorneys

_____          Date: ___11/15/19___
Gary Becker, Esq.
Counsel for Darrell Lawrence

_Fl—MM_
Florian Miedel     , Esq.     Date: _11/18/19_
Counsel for Davon McCullough

_____     Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____     Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____     Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____     Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____     Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____     Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____     Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario

_____, Esq.     Date: _____
Counsel for Davonte Garcia

_____, Esq.     Date: _____
Counsel for Jose Nouel

_____     Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

_____        Date: _____
Florian Miedel, Esq.
Counsel for Davon McCullough

_____        Date: 11/18/19
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____        Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____        Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____        Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____        Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____        Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____        Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario

_____        Date: _____
James Branden, Esq.
Counsel for Davonte Garcia

_____        Date: _____
Angus James Bell, Esq.
Counsel for Jose Nouel

_____        Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

Florian Miedel, Esq.
Counsel for Davon McCullough

Date: _____

Xavier Donaldson, Esq.
Counsel for Gibril Darboe

Kenneth A. Paul, Esq.
Counsel for Derrick Casado

Date: _11/19/19_

Natali Todd, Esq.
Counsel for Justin Colon

Date: _____

Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

Date: _____

Daniel McGuinness, Esq.
Counsel for Carlos Rivera

Date: _____

Thomas Dunn, Esq.
Counsel for Jahuan Pollard

Date: _____

Richard Lind, Esq.
Counsel for Carlos Rosario

Date: _____

James Branden, Esq.
Counsel for Davonte Garcia

Date: _____

Angus James Bell, Esq.
Counsel for Jose Nouel

Date: _____

Donna Newman, Esq.
Counsel for Juan Tejada

Date: _____

7

_____, Esq.
_____
Counsel for Davon McCullough

Date: _____

_____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

Date: _____

_____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

Date: _____

_____
Natali Todd, Esq.
Counsel for Justin Colon

Date: _11/13/19_

_____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

Date: _____

_____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

Date: _____

_____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

Date: _____

_____
Richard Lind, Esq.
Counsel for Carlos Rosario

Date: _____

_____, Esq.
_____
Counsel for Davonte Garcia

Date: _____

_____, Esq.
_____
Counsel for Jose Nouel

Date: _____

_____
Donna Newman, Esq.
Counsel for Juan Tejada

Date: _____

_____  
_____, Esq.  Date: _____  
Counsel for Davon McCullough

_____  Date: _____  
Xavier Donaldson, Esq.  
Counsel for Gibril Darboe

_____  Date: _____  
Kenneth A. Paul, Esq.  
Counsel for Derrick Casado

_____  Date: _____  
Natali Todd, Esq.  
Counsel for Justin Colon

*Lorraine Gauli-Rufo*  Date: 11/18/2019  
Lorraine Gauli-Rufo, Esq.  
Counsel for Michael Rowe

_____  Date: _____  
Daniel McGuinness, Esq.  
Counsel for Carlos Rivera

_____  Date: _____  
Thomas Dunn, Esq.  
Counsel for Jahuan Pollard

_____  Date: _____  
Richard Lind, Esq.  
Counsel for Carlos Rosario

_____  
_____, Esq.  Date: _____  
Counsel for Davonte Garcia

_____  
_____, Esq.  Date: _____  
Counsel for Jose Nouel

_____  Date: _____  
Donna Newman, Esq.  
Counsel for Juan Tejada

7

_____, Esq.
Counsel for Davon McCullough

Date: _____


_____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

Date: _____


_____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

Date: _____


_____
Natali Todd, Esq.
Counsel for Justin Colon

Date: _____


_____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

Date: _____


_____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

Date: 11/13/2019


_____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

Date: _____


_____
Richard Lind, Esq.
Counsel for Carlos Rosario

Date: _____


_____, Esq.
Counsel for Davonte Garcia

Date: _____


_____, Esq.
Counsel for Jose Nouel

Date: _____


_____
Donna Newman, Esq.
Counsel for Juan Tejada

Date: _____


7

_____  
_____, Esq.  
Counsel for Davon McCullough

Date: _____

_____  
Xavier Donaldson, Esq.  
Counsel for Gibril Darboe

Date: _____

_____  
Kenneth A. Paul, Esq.  
Counsel for Derrick Casado

Date: _____

_____  
Natali Todd, Esq.  
Counsel for Justin Colon

Date: _____

_____  
Lorraine Gauli-Rufo, Esq.  
Counsel for Michael Rowe

Date: _____

_____  
Daniel McGuinness, Esq.  
Counsel for Carlos Rivera

Date: _____

_Thomas Dunn_  
Thomas Dunn, Esq.  
Counsel for Jahuan Pollard

Date: 11/5/19

_____  
Richard Lind, Esq.  
Counsel for Carlos Rosario

Date: _____

_____  
_____, Esq.  
Counsel for Davonte Garcia

Date: _____

_____  
_____, Esq.  
Counsel for Jose Nouel

Date: _____

_____  
Donna Newman, Esq.  
Counsel for Juan Tejada

Date: _____

7

_____        Date: _____
Florian Miedel, Esq.
Counsel for Davon McCullough

_____        Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____        Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____        Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____        Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____        Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____        Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____        Date: _November 24, 2019_
Richard Lind, Esq.
Counsel for Carlos Rosario

_____        Date: _____
James Branden, Esq.
Counsel for Davonte Garcia

_____        Date: _____
Angus James Bell, Esq.
Counsel for Jose Nouel

_____        Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

7

_____     Date: _____
Florian Miedel, Esq.
Counsel for Davon McCullough


_____     Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe


_____     Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado


_____     Date: _____
Natali Todd, Esq.
Counsel for Justin Colon


_____     Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe


_____     Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera


_____     Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard


_____     Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario


_____     Date: _11_/_18_/_2019_
James Branden, Esq.
Counsel for Davonte Garcia


_____     Date: _____
Angus James Bell, Esq.
Counsel for Jose Nouel


_____     Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

7

_____          Date: _____
Florian Miedel, Esq.
Counsel for Davon McCullough


_____          Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe


_____          Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado


_____          Date: _____
Natali Todd, Esq.
Counsel for Justin Colon


_____          Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe


_____          Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera


_____          Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard


_____          Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario


_____          Date: _____
James Branden, Esq.
Counsel for Davonte Garcia


_A. James Bell_____          Date: _December 4, 2019_____
Angus James Bell, Esq.
Counsel for Jose Nouel


_____          Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

_____, Esq.
Counsel for Davon McCullough

Date: _____


_____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

Date: _____


_____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

Date: _____


_____
Natali Todd, Esq.
Counsel for Justin Colon

Date: _____


_____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

Date: _____


_____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

Date: _____


_____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

Date: _____


_____
Richard Lind, Esq.
Counsel for Carlos Rosario

Date: _____


_____, Esq.
Counsel for Davonte Garcia

Date: _____


_____, Esq.
Counsel for Jose Nouel

Date: _____


*Donna Newman* (signature)
Donna Newman, Esq.
Counsel for Juan Tejada

Date: 11/4/2019

7

David Touger, Esq.
Counsel for Christian Liverman

Date: 11/5/19

SO ORDERED:
Dated: New York, New York
_____, 2019

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

_____     Date: _____
David Touger, Esq.
Counsel for Christian Liverman


SO ORDERED:
Dated:  New York, New York
    \_\_December 5_____, 2019

_____
        J. PAUL OETKEN
     United States District Judge